## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MYRA BASTONE, individually, and as<br>Administratrix of the Estate of<br>CHAZ BASTONE, DECEASED<br>212 Pusey Avenue<br>Collingdale, PA 19023 | :<br>:<br>:<br>:<br>: | JURY TRIAL DEMANDED |
| Plaintiff, | :<br>: | Case No. |
| VS. | :<br>: | |
| GREG LEKSOWSKI<br>4615 N. Lost Horizon Dr.<br>Tucson, AZ 85745 | :<br>:<br>:<br>: | |
| AND | :<br>: | |
| OCONNOR TRUCKING, INC.<br>3306 Daniels Ct.<br>Arlington Heights, IL 60004 | :<br>:<br>:<br>: | |
| AND | :<br>: | |
| JP LOGISTICS, INC.<br>671 Executive Dr., Suite C<br>Willowbrook, IL 60527 | :<br>:<br>:<br>: | |
| Defendants. | :<br>: | |

## CIVIL ACTION COMPLAINT

**AND NOW,** comes Plaintiff, Myra Bastone ("Plaintiff"), Individually and as

Administratrix of the Estate of Chaz Bastone, Deceased ("Chaz" or "Decedent"), by and through

the undersigned counsel, and complains of Defendants, Greg Leksowski ("Leksowski"), OConnor

Trucking, Inc. ("OConnor"), and JP Logistics, Inc. ("JP Logistics") (collectively "Defendants"),

as follows:

## INTRODUCTION

1.      This is a case about the plague of recklessly operated commercial trucking companies and their recklessly operated tractor-trailers.   According to the Insurance Institute for Highway Safety (IIHS), 4,136 people were killed in large truck crashes in 2018, over two-thirds of whom were occupants of cars and other passenger vehicles.[1]  On October 7, 2020, Chaz Bastone went from being a vibrant 32-year-old man to part of this alarming, tragic statistic.

2.      That evening, Chaz was a front-seat passenger in a Chevrolet Cavalier being properly and safely operated in the right lane of the two-lane Interstate-81 North, in the area of mile-marker 180, in Lackawanna County, Pennsylvania.  Unbeknownst to Chaz, death was chasing him down from behind in the form of the tractor-trailer being operated by Leksowski, a commercial truck driver with a long history of criminal traffic violations, who was operating the tractor-trailer while under the joint employ and control of OConnor and JP Logistics, both of which have extensive histories of employing truck drivers who commit unsafe driving violations while under their respective and/or joint control.

3.      Despite the fact that driving conditions that evening were ideal, with no inclement weather or adverse conditions whatsoever which could impede driver visibility, Leksowski operated the tractor-trailer with such recklessness, that the tractor-trailer struck the rear of the small Chevy Cavalier.  This caused a horrific crash, whereby the tractor-trailer forced both vehicles into the left lane, through the left guard rail, and into the wooded median, with the Chevy Cavalier coming to a final resting spot pinned under the trailer of the tractor-trailer.

4.      Leksowski would be charged with multiple violations for the recklessness which caused this crash, including 75 Pa.C.S.A. §3309(1) and 75 Pa.C.S.A. §3714(a), but was able to

---

[1] https://www.iihs.org/topics/fatality-statistics/detail/large-trucks

walk away from the crash uninjured.  Chaz died at the scene, before he could even be extricated from the small vehicle that was pinned under the tractor-trailer.

5.      This case warrants punitive damages to deter such outrageous, reckless, deadly conduct from commercial truck drivers and their controlling commercial trucking carriers.

## PARTIES

6.      Plaintiff, Myra Bastone, is an adult individual who is a citizen of, and domiciled in the Commonwealth of Pennsylvania, residing at 212 Pusey Avenue, Collingdale, PA 19023. Plaintiff brings this action individually and as the Administratrix of Chaz's Estate.

7.      Plaintiff, Myra Bastone, has been duly appointed as Administratrix of the Estate of Chaz Bastone.

8.      Prior to his death, Chaz Bastone was an adult individual who resided at 1218 MacDade Boulevard, Woodlyn, PA 19094.

9.      Plaintiff, Myra Bastone, brings this action Individually and as Administratrix of the Estate of Chaz Bastone, Deceased ("Estate"), on behalf of the Estate and Chaz's surviving wrongful death beneficiaries (the "Wrongful Death Beneficiaries"), who are as follows:

(a)      Myra Bastone, mother of Chaz Bastone, residing at 212 Pusey Avenue, Collingdale, PA 19023;

(b)      Anderson Bastone, father of Chaz Bastone, residing at 220 W. Branch Avenue, Apt. 217, Pinehill, NJ 08021.

10.      Defendant Leksowski, upon information and belief, is an adult individual residing at  4615 N. Lost Horizon Dr., Tucson, AZ 85745, who, at all relevant and material times, was operating the tractor-trailer ("Tractor-Trailer") involved in the fatal crash of October 7, 2020 that is the subject of this action ("Crash"), which occurred in Lackawanna County, PA, and killed

Decedent, Chaz Bastone.  When the Crash occurred, Leksowski was acting within the scope of his employment with, and under the control of OConnor and/or JP Logistics.

11.     Defendant OConnor, upon information and belief, is an Illinois corporation and commercial trucking company with a physical address, usual place of business, and/or corporate headquarters located at 3306 Daniels Ct., Arlington Heights, IL 60004.  OConnor, at all relevant and material times, particularly when the Crash occurred, owned the 2000 tractor bearing a vehicle identification number (VIN) of 4V4ND3JJ7YN243732 with Illinois license plate number P997759, which was involved in the Crash.  OConnor entrusted the activity of commercial trucking, as well as operation of the Tractor-Trailer, to its agent, employee, servant, and/or worker, Leksowski, whom it controlled and/or jointly controlled with Defendant JP Logistics.

12.     Defendant JP Logistics, upon information and belief, is an Illinois corporation and commercial trucking company with a physical address, usual place of business, and/or corporate headquarters located at 671 Executive Dr., Suite C, Willowbrook, IL 60527.  JP Logistics, at all relevant and material times, particularly when the Crash occurred, owned the Wabash National trailer with Illinois tag number 508958ST, which was involved in the Crash.  JP Logistics entrusted the activity of commercial trucking, as well as operation of the Tractor-Trailer, to its agent, employee, servant, and/or worker, Leksowski, whom it controlled and/or jointly controlled with Defendant OConnor.

13.     Defendants OConnor and JP Logistics, upon information and belief, jointly owned, operated, and/or controlled the tractor, trailer, and Tractor-Trailer, and, further, jointly entrusted the activity of commercial trucking, as well as operation of the Tractor-Trailer, to their joint agent, employee, servant, and/or worker, Leksowski, at all relevant and material times, particularly when the Crash occurred.

## JURISDICTION

14.    This Honorable Court has jurisdiction pursuant to 28 U.S.C. § 1332(c) based on diversity of citizenship and an amount in controversy which exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

## VENUE

15.    Venue is proper in the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391.

## FACTS

16.    Defendants OConnor and JP Logistics are two commercial trucking companies based in Illinois who entrusted the activity of commercial trucking to their joint driver, Defendant Leksowski.

17.    One thing all three of these Defendants have in common is their respective deplorable histories of unsafe driving violations.  Both OConnor and JP Logistics have extensive histories of employing truck drivers who commit unsafe driving violations while under their respective and/or joint control.  Furthermore, Leksowski is a commercial truck driver with a long history of criminal unsafe driving violations over the past two decades throughout the United States.

18.    It was inevitable that, when Leksowski was entrusted with the activity of commercial trucking by OConnor and JP Logistics through operation of the Tractor-Trailer, eventually, tragedy would strike as a result of their reckless indifference to others.   This tragedy occurred on October 7, 2020, when OConnor and JP Logistics entrusted Leksowski to engage in commercial trucking by operating the Tractor-Trailer on Interstate-81 North, in Lackawanna County, Pennsylvania.

19.    On the evening of October 7, 2020, Chaz Bastone was a front-seat passenger in a Chevrolet Cavalier being properly and safely operated in the right lane of the two-lane Interstate-81 North, in the area of mile-marker 180, in Lackawanna County, Pennsylvania.

20.    Simultaneously thereto, Leksowski was operating the Tractor-Trailer on Interstate-81 North in the area of mile-marker 180, in Lackawanna County, Pennsylvania, while under the joint employ and control of OConnor and JP Logistics, who were likely engaging in a practice of joint-venture or common-enterprise, whereby the two commercial trucking carriers would share or flip drivers and equipment for mutual financial benefit.

21.    Leksowski is a commercial driver with a long history of criminal traffic violations throughout the United States.  Despite being aware of this history, commercial trucking carriers OConnor and JP Logistics, both of which have extensive histories of employing truck drivers who commit unsafe driving violations while under their respective and/or joint control, entrusted Leksowski with operating the Tractor-Trailer in Lackawanna County that night.

22.    Instead of operating the Tractor-Trailer with the requisite care, Leksowski did the unthinkable, and operated the Tractor-Trailer with an outrageous reckless indifference to the rights of others, which, in this case, included Chaz.

23.    Specifically, despite the fact that driving conditions that evening were ideal, with no inclement weather or adverse conditions whatsoever which could impede driver visibility, Leksowski caused the Tractor-Trailer to strike the Chevy Cavalier from the rear with such reckless force, that the Tractor-Trailer plowed through the much smaller vehicle as though it was a mere speed bump.

24. This devastating Crash resulted in the Tractor-Trailer pulling both vehicles into the left lane, through the left guard rail, and into the wooded median, with the Chevy Cavalier coming to a final resting spot pinned under the trailer of the Tractor-Trailer.

25. Leksowski would be charged with multiple violations for the recklessness which caused this crash, including 75 Pa.C.S.A. §3309(1) and 75 Pa.C.S.A. §3714(a), but was able to walk away from the crash uninjured.

26. At the age of 32, Chaz died at the scene before he could even be extricated from the small vehicle that was pinned under the Tractor-Trailer.

27. Given the outrageous, inexcusable circumstances of this Crash, it is clear that Leksowski had a subjective appreciation of the risk of harm to which Chaz was exposed, and Leksowski recklessly acted or failed to act in conscious disregard of that risk.

28. Similarly, given their respective histories of employing documented unsafe drivers and their knowledge of Leksowski's abysmal criminal traffic violation history, OConnor and JP Logistics also had a subjective appreciations of the risk of harm to which the public, including Chaz, was exposed, and they recklessly acted or failed to act in conscious disregard of that risk.

29. Accordingly, this is not merely a motor vehicle collision which resulted from common negligence and had a tragic outcome. To the stark contrary, this is a case which warrants punitive damages to deter such outrageous, reckless, deadly conduct from commercial truck drivers and their controlling commercial trucking carriers.

## COUNT I
## NEGLIGENCE – DEFENDANT LEKSOWSKI

30. Plaintiff hereby incorporates all matters stated elsewhere in this pleading as if fully set forth herein at length.

31.     Defendant Leksowski's negligence, carelessness, recklessness, and willful, conscious, and wanton disregard for the rights, safety, and well-being of Chaz, while operating the Tractor-Trailer, caused the fatal October 7, 2020 Crash which violently killed Chaz.

32.     Leksowski's negligence, carelessness, recklessness, and willful, conscious, and wanton disregard for the rights, safety, and well-being of Chaz, includes the following:

(a)     Operating the Tractor Trailer without warning of approach or attending directions;

(b)     Failing to operate the Tractor Trailer at a speed which would allow it to be stopped within the assured clear distance;

(c)     Failing to keep a proper lookout;

(d)     Failing to take notice of the Chevy Cavalier;

(e)     Failing to take evasive action in order to avoid striking and forcing the Chevy Cavalier off the road;

(f)     Failing to apply the brakes in sufficient time to avoid the Chevy Cavalier;

(g)     Failing to remain continually alert while operating the Tractor Trailer;

(h)     Failing to inspect the Tractor Trailer and maintain the Tractor Trailer in a safe and non-defective condition;

(i)     Failing to operate the Tractor Trailer in compliance with the applicable laws and regulations of the Commonwealth of Pennsylvania as well as Federal Regulations pertaining to the operation of commercial vehicles, which specifically includes the following:

(1)     Failing to safely drive within a single lane in violation of 75 Pa.C.S.A. §3309;

(2)     Driving the Tractor-Trailer in reckless and careless disregard for the safety of persons or property, in violation of 75 Pa.C.S.A. §3714(a);

(3)     Failing to possess the knowledge and be compliant pursuant to 49 CFR §390.3(e)(2);

(4)     Failing to possess the required knowledge pursuant to 49 CFR §383.111;

(5)     Failing to possess the following basic pre-trip vehicle inspection skills pursuant to 49 CFR §383.113;

(6)     Failing to operate the Tractor-Trailer in accordance with the laws, ordinances, and regulations of the Commonwealth of Pennsylvania pursuant to 49 CFR §392.2.

33.     The negligence, carelessness, recklessness, and willful, conscious, and wanton disregard for the rights, safety, and well-being of Chaz by Leksowski directly and proximately caused Chaz to suffer multiple traumatic injuries and die.

34.     As a direct and proximate result of the injuries and death, Chaz suffered great pain, anguish, sickness, and agony.

35.     As a direct and proximate result of the injuries and death, Chaz suffered emotional injuries, mental anguish, humiliation, loss of life's pleasures, loss of hedonic pleasures and the inability to attend to social and work obligations.

36.     As a direct and proximate result of the injuries and death, Chaz has undergone a great loss of earnings and earning capacity, and by the reason of the death, has sustained a great loss of all future earnings and earning capacity.

37.     As a direct and proximate result of Chaz's injuries and death, Chaz, his Estate, and the Wrongful Death Beneficiaries have incurred medical and other related expenses.

38.     As a direct and proximate result of the injuries and death, Chaz, his Estate, and Wrongful Death Beneficiaries suffered all applicable damages recoverable under Pennsylvania's Wrongful Death and Survival Acts.

39.     Leksowski's negligence, carelessness, recklessness, and willful, conscious, and wanton disregard for the rights, safety, and well-being of Chaz, which ultimately caused Chaz's death, supports an award of punitive damages to deter such outrageous, reckless, deadly conduct.

**WHEREFORE,** Plaintiff, individually and as Administratrix of the Estate of Chaz Bastone, respectfully requests this Honorable Court enter judgment in her favor and against Defendant Leksowski, individually and jointly and severally with Defendants in an amount to exceed the jurisdictional arbitration limit, together with interest, costs, fees, punitive damages, and such other and further damages as are just and proper.

## COUNT II
## WRONGFUL DEATH – DEFENDANT LEKSOWSKI

40.     Plaintiff hereby incorporates all matters stated elsewhere in this pleading as if fully set forth herein at length.

41.     Defendant Leksowski's negligence, carelessness, recklessness, and willful, conscious, and wanton disregard for the rights, safety, and well-being of Chaz, while operating the Tractor-Trailer, caused the fatal October 7, 2020 Crash which violently killed Chaz.

42.     Plaintiff brings this action on behalf of all Wrongful Death Beneficiaries of Chaz pursuant to the Pennsylvania Wrongful Death Act and demands all damages recoverable under the Pennsylvania Wrongful Death Act.

43.    As a direct and proximate result of the negligence, carelessness, recklessness, and willful, conscious, and wanton disregard for the rights, safety, and well-being of Chaz by Defendant Leksowski, the Wrongful Death Beneficiaries suffered all applicable damages recoverable under Pennsylvania's Wrongful Death Act.

44.    As a direct and proximate result of the negligence, carelessness, recklessness, and willful, conscious, and wanton disregard for the rights, safety, and well-being of Chaz by Defendant Leksowski, Chaz's beneficiaries under the Wrongful Death Act, have:

> (a)    Been caused to incur various medical, funeral and estate administration expenses;
>
> (b)    Have suffered, are suffering, and will forever suffer injuries and losses, including loss of financial support, and loss of the contributions they would have received from Chaz, including monies, clothing, shelter, food, medical care, education, entertainment, recreation, and gifts;
>
> (c)    the loss of Chaz's services, society, comfort, companionship, guidance, tutelage, physical comforts, society, and companionship.

45.    Leksowski's negligence, carelessness, recklessness, and willful, conscious, and wanton disregard for the rights, safety, and well-being of Chaz, which ultimately caused Chaz's death, supports an award of punitive damages to deter such outrageous, reckless, deadly conduct.

**WHEREFORE,** Plaintiff, individually and as Administratrix of the Estate of Chaz Bastone, respectfully requests this Honorable Court enter judgment in her favor and against Defendant Leksowski, individually and jointly and severally with Defendants in an amount to exceed the jurisdictional arbitration limit, together with interest, costs, fees, punitive damages, and such other and further damages as are just and proper.

## COUNT III
## SURVIVAL ACT – DEFENDANT LEKSOWSKI

46.     Plaintiff hereby incorporates all matters stated elsewhere in this pleading as if fully set forth herein at length.

47.     As a direct and proximate result of the negligence, carelessness, recklessness, and willful, conscious, and wanton disregard for the rights, safety, and well-being of Chaz by Defendant Leksowski, Chaz was caused to suffer and endure conscious pain, suffering, terror, and, ultimately, death.

48.     As a direct and proximate result of the negligence, carelessness, recklessness, and willful, conscious, and wanton disregard for the rights, safety, and well-being of Chaz by Defendant Leksowski, Chaz endured conscious pain, suffering and terror, from the moment of the Crash until his death on October 7, 2020.

49.     As a direct and proximate result of the injuries, Chaz, and now his Estate suffered all applicable damages recoverable under Pennsylvania's Survival Act.

50.     No recovery for damages was made during Chaz's lifetime.

51.     Leksowski's negligence, carelessness, recklessness, and willful, conscious, and wanton disregard for the rights, safety, and well-being of Chaz, which ultimately caused Chaz's death, supports an award of punitive damages to deter such outrageous, reckless, deadly conduct.

**WHEREFORE,** Plaintiff, individually and as Administratrix of the Estate of Chaz Bastone, respectfully requests this Honorable Court enter judgment in her favor and against Defendant Leksowski, individually and jointly and severally with Defendants in an amount to exceed the jurisdictional arbitration limit, together with interest, costs, fees, punitive damages, and such other and further damages as are just and proper.

## COUNT IV
## NEGLIGENCE (RESPONDEAT SUPERIOR) – DEFENDANT OCONNOR

52.    Plaintiff hereby incorporates all matters stated elsewhere in this pleading as if fully set forth herein at length.

53.    Defendant Leksowski's negligence, carelessness, recklessness, and willful, conscious, and wanton disregard for the rights, safety, and well-being of Chaz, while operating the Tractor-Trailer, caused the fatal October 7, 2020 Crash which violently killed Chaz, and occurred during the course and within the scope of Leksowski's employment by OConnor, while being entrusted with the activity of commercial trucking, by and through operation of the Tractor-Trailer.

54.    Leksowski's negligence, carelessness, recklessness, and willful, conscious, and wanton disregard for the rights, safety, and well-being of Chaz, which occurred during the course and within the scope of Leksowski's employment by OConnor, while being entrusted with the activity of commercial trucking, by and through operation of the Tractor-Trailer, includes the following:

(a)    Operating the Tractor Trailer without warning of approach or attending directions;

(b)    Failing to operate the Tractor Trailer at a speed which would allow it to be stopped within the assured clear distance;

(c)    Failing to keep a proper lookout;

(d)    Failing to take notice of the Chevy Cavalier;

(e)    Failing to take evasive action in order to avoid striking and forcing the Chevy Cavalier off the road;

(f)    Failing to apply the brakes in sufficient time to avoid the Chevy Cavalier;

(g)    Failing to remain continually alert while operating the Tractor Trailer;

(h)    Failing to inspect the Tractor Trailer and maintain the Tractor Trailer in a safe and non-defective condition;

(i)    Failing to operate the Tractor Trailer in compliance with the applicable laws and regulations of the Commonwealth of Pennsylvania as well as Federal Regulations pertaining to the operation of commercial vehicles, which specifically includes the following:

(1)    Failing to safely drive within a single lane in violation of 75 Pa.C.S.A. §3309;

(2)    Driving the Tractor-Trailer in reckless and careless disregard for the safety of persons or property, in violation of 75 Pa.C.S.A. §3714(a);

(3)    Failing to possess the knowledge and be compliant pursuant to 49 CFR §390.3(e)(2);

(4)    Failing to possess the required knowledge pursuant to 49 CFR §383.111;

(5)    Failing to possess the following basic pre-trip vehicle inspection skills pursuant to 49 CFR §383.113;

(6)    Failing to operate the Tractor-Trailer in accordance with the laws, ordinances, and regulations of the Commonwealth of Pennsylvania pursuant to 49 CFR §392.2

55.    The negligence, carelessness, recklessness, and willful, conscious, and wanton disregard for the rights, safety, and well-being of Chaz by Leksowski, which occurred during the course and within the scope of Leksowski's employment by OConnor, while being entrusted with

14

the activity of commercial trucking, by and through operation of the Tractor-Trailer, directly and proximately caused Chaz to suffer multiple traumatic injuries and die.

56.    As a direct and proximate result of the injuries and death, Chaz suffered great pain, anguish, sickness, and agony.

57.    As a direct and proximate result of the injuries and death, Chaz suffered emotional injuries, mental anguish, humiliation, loss of life's pleasures, loss of hedonic pleasures and the inability to attend to social and work obligations.

58.    As a direct and proximate result of the injuries and death, Chaz has undergone a great loss of earnings and earning capacity, and by the reason of the death, has sustained a great loss of all future earnings and earning capacity.

59.    As a direct and proximate result of Chaz's injuries and death, Chaz, his Estate, and the Wrongful Death Beneficiaries have incurred medical and other related expenses.

60.    As a direct and proximate result of the injuries and death, Chaz, his Estate, and Wrongful Death Beneficiaries suffered all applicable damages recoverable under Pennsylvania's Wrongful Death and Survival Acts.

61.    Leksowski's negligence, carelessness, recklessness, and willful, conscious, and wanton disregard for the rights, safety, and well-being of Chaz, which ultimately caused Chaz's death, and which occurred during the course and within the scope of Leksowski's employment by OConnor, while being entrusted with the activity of commercial trucking, by and through operation of the Tractor-Trailer, supports an award of punitive damages to deter such outrageous, reckless, deadly conduct.

**WHEREFORE,** Plaintiff, individually and as Administratrix of the Estate of Chaz Bastone, respectfully requests this Honorable Court enter judgment in her favor and against

Defendant OConnor, individually and jointly and severally with Defendants in an amount to exceed the jurisdictional arbitration limit, together with interest, costs, fees, punitive damages, and such other and further damages as are just and proper.

**COUNT V**
**NEGLIGENT ENTRUSTMENT – DEFENDANT OCONNOR**

62.    Plaintiff hereby incorporates all matters stated elsewhere in this pleading as if fully set forth herein at length.

63.    Defendant OConnor's negligence, carelessness, recklessness, and willful, conscious, and wanton disregard for the rights, safety, and well-being of Chaz, by entrusting the activity of commercial trucking to Leksowski, by and through operation of the Tractor-Trailer, caused the fatal October 7, 2020 Crash which violently killed Chaz.

64.    OConnor's negligence, carelessness, recklessness, and willful, conscious, and wanton disregard for the rights, safety, and well-being of Chaz, by entrusting the activity of commercial trucking to Leksowski, by and through operation of the Tractor-Trailer, includes the following:

(a)    Negligence pursuant Restatement of Torts (Second) § 308, which imposes liability on a defendant because of its own acts in relation to an instrumentality or activity under her control, which, in this case, was commercial trucking by and through the operation of the Tractor-Trailer on October 7, 2020;

(b)    Negligence pursuant Restatement of Torts (Second) § 308, by permitting Leksowski to engage in the activity of commercial trucking, by and through operating the Tractor-Trailer (which is under the control of OConnor), on October 7, 2020, where OConnor knew or should have known that Leksowski was likely to

16

operate the Tractor-Trailer in such a manner as to create an unreasonable risk of harm to others;

(c)     Operating a joint-venture or common-enterprise with JP Logistics in violation of the Federal Motor Carrier Safety Regulations (FMCSR);

(d)     Sharing or flipping drivers, including Leksowski, and equipment, including the tractor, trailer, and Tractor-Trailer, with JP Logistics in violation of the FMCSR;

(e)     Failing to ensure that Leksowski was qualified to safely operate the Tractor-Trailer before hiring and entrusting him to do so;

(f)     Failing to adequately train Leksowski to safely operate the Tractor-Trailer before hiring and entrusting him to do so;

(g)     Entrusting Leksowski to engage in the activity of commercial trucking;

(h)     Entrusting Leksowski to operate the Tractor-Trailer;

(i)     Entrusting Leksowski to engage in the activity of commercial trucking, by and through operating the Tractor-Trailer, in violation of Federal Regulations pertaining to the entrustment of operation of commercial vehicles to a driver, which specifically includes the following:

(1)     Failing to meet the safety fitness standards pursuant to FMCSR §385.5;

(2)     Failing to meet the standard of employer knowledge and compliance with regulations pursuant to §390.3 (e)(1);

(3)     Failing to ensure that the general qualifications of a driver, in this case, Leksowski, were met pursuant to FMCSR §391.11;

(4)    Failing to ensure Leksowski had a fit background and character before employing and entrusting Leksowski with operating the Tractor-Trailer pursuant to FMCSR §391(C);

(j)    Entrusting Leksowski to engage in the activity of commercial trucking, by and through operating the Tractor-Trailer, thereby allowing Leksowski to operate the Tractor Trailer without warning of approach or attending directions;

(k)    Entrusting Leksowski to engage in the activity of commercial trucking, by and through operating the Tractor-Trailer, thereby allowing Leksowski to fail to operate the Tractor Trailer at a speed which would allow it to be stopped within the assured clear distance;

(l)    Entrusting Leksowski to engage in the activity of commercial trucking, by and through operating the Tractor-Trailer, thereby allowing Leksowski to fail to keep a proper lookout;

(m)    Entrusting Leksowski to engage in the activity of commercial trucking, by and through operating the Tractor-Trailer, thereby allowing Leksowski to fail to take notice of the Chevy Cavalier;

(n)    Entrusting Leksowski to engage in the activity of commercial trucking, by and through operating the Tractor-Trailer, thereby allowing Leksowski to fail to take evasive action in order to avoid striking and forcing the Chevy Cavalier off the road;

(o)    Entrusting Leksowski to engage in the activity of commercial trucking, by and through operating the Tractor-Trailer, thereby allowing Leksowski to fail to apply the brakes in sufficient time to avoid the Chevy Cavalier;

(p)      Entrusting Leksowski to engage in the activity of commercial trucking, by and through operating the Tractor-Trailer, thereby allowing Leksowski to fail to remain continually alert while operating the Tractor Trailer;

(q)      Entrusting Leksowski to engage in the activity of commercial trucking, by and through operating the Tractor-Trailer, thereby allowing Leksowski to fail to inspect the Tractor Trailer and maintain the Tractor Trailer in a safe and non-defective condition;

(r)      Entrusting Leksowski to engage in the activity of commercial trucking, by and through operating the Tractor-Trailer, thereby allowing Leksowski to fail to operate the Tractor Trailer in compliance with the applicable laws and regulations of the Commonwealth of Pennsylvania as well as Federal Regulations pertaining to the operation of commercial vehicles, which specifically includes the following:

(1)      Failing to safely drive within a single lane in violation of 75 Pa.C.S.A. §3309;

(2)      Driving the Tractor-Trailer in reckless and careless disregard for the safety of persons or property, in violation of 75 Pa.C.S.A. §3714(a);

(3)      Failing to possess the knowledge and be compliant pursuant to 49 CFR §390.3(e)(2);

(4)      Failing to possess the required knowledge pursuant to 49 CFR §383.111;

(5)      Failing to possess the following basic pre-trip vehicle inspection skills pursuant to 49 CFR §383.113;

19

(6)     Failing to operate the Tractor-Trailer in accordance with the laws, ordinances, and regulations of the Commonwealth of Pennsylvania pursuant to 49 CFR §392.2

65.     The negligence, carelessness, recklessness, and willful, conscious, and wanton disregard for the rights, safety, and well-being of Chaz by OConnor, directly and proximately caused Chaz to suffer multiple traumatic injuries and die.

66.     As a direct and proximate result of the injuries and death, Chaz suffered great pain, anguish, sickness, and agony.

67.     As a direct and proximate result of the injuries and death, Chaz suffered emotional injuries, mental anguish, humiliation, loss of life's pleasures, loss of hedonic pleasures and the inability to attend to social and work obligations.

68.     As a direct and proximate result of the injuries and death, Chaz has undergone a great loss of earnings and earning capacity, and by the reason of the death, has sustained a great loss of all future earnings and earning capacity.

69.     As a direct and proximate result of Chaz's injuries and death, Chaz, his Estate, and the Wrongful Death Beneficiaries have incurred medical and other related expenses.

70.     As a direct and proximate result of the injuries and death, Chaz, his Estate, and Wrongful Death Beneficiaries suffered all applicable damages recoverable under Pennsylvania's Wrongful Death and Survival Acts.

71.     OConnor's negligence, carelessness, recklessness, and willful, conscious, and wanton disregard for the rights, safety, and well-being of Chaz, which ultimately caused Chaz's death, supports an award of punitive damages to deter such outrageous, reckless, deadly conduct.

**WHEREFORE,** Plaintiff, individually and as Administratrix of the Estate of Chaz Bastone, respectfully requests this Honorable Court enter judgment in her favor and against Defendant OConnor, individually and jointly and severally with Defendants in an amount to exceed the jurisdictional arbitration limit, together with interest, costs, fees, punitive damages, and such other and further damages as are just and proper.

**COUNT VI**
**WRONGFUL DEATH – DEFENDANT OCONNOR**

72.     Plaintiff hereby incorporates all matters stated elsewhere in this pleading as if fully set forth herein at length.

73.     Defendant OConnor's negligence, carelessness, recklessness, and willful, conscious, and wanton disregard for the rights, safety, and well-being of Chaz, under respondeat superior and by entrusting the activity of commercial trucking to Leksowski, by and through operation of the Tractor-Trailer, caused the fatal October 7, 2020 Crash which violently killed Chaz.

74.     Plaintiff brings this action on behalf of all Wrongful Death Beneficiaries of Chaz pursuant to the Pennsylvania Wrongful Death Act and demands all damages recoverable under the Pennsylvania Wrongful Death Act.

75.     As a direct and proximate result of the negligence, carelessness, recklessness, and willful, conscious, and wanton disregard for the rights, safety, and well-being of Chaz by Defendant OConnor, the Wrongful Death Beneficiaries suffered all applicable damages recoverable under Pennsylvania's Wrongful Death Act.

76.     As a direct and proximate result of the negligence, carelessness, recklessness, and willful, conscious, and wanton disregard for the rights, safety, and well-being of Chaz by Defendant OConnor, Chaz's beneficiaries under the Wrongful Death Act, have:

(a)    Been caused to incur various medical, funeral and estate administration expenses;

(b)    Have suffered, are suffering, and will forever suffer injuries and losses, including loss of financial support, and loss of the contributions they would have received from Chaz, including monies, clothing, shelter, food, medical care, education, entertainment, recreation, and gifts;

(c)    the loss of Chaz's services, society, comfort, companionship, guidance, tutelage, physical comforts, society, and companionship.

77.    OConnor's negligence, carelessness, recklessness, and willful, conscious, and wanton disregard for the rights, safety, and well-being of Chaz, which ultimately caused Chaz's death, supports an award of punitive damages to deter such outrageous, reckless, deadly conduct.

**WHEREFORE,** Plaintiff, individually and as Administratrix of the Estate of Chaz Bastone, respectfully requests this Honorable Court enter judgment in her favor and against Defendant OConnor, individually and jointly and severally with Defendants in an amount to exceed the jurisdictional arbitration limit, together with interest, costs, fees, punitive damages, and such other and further damages as are just and proper.

<u>**COUNT VII**</u>
<u>**SURVIVAL ACT – DEFENDANT OCONNOR**</u>

78.    Plaintiff hereby incorporates all matters stated elsewhere in this pleading as if fully set forth herein at length.

79.    As a direct and proximate result of the negligence, carelessness, recklessness, and willful, conscious, and wanton disregard for the rights, safety, and well-being of Chaz by Defendant OConnor, Chaz was caused to suffer and endure conscious pain, suffering, terror, and, ultimately, death.

80.     As a direct and proximate result of the negligence, carelessness, recklessness, and willful, conscious, and wanton disregard for the rights, safety, and well-being of Chaz by Defendant OConnor, Chaz endured conscious pain, suffering and terror, from the moment of the Crash until his death on October 7, 2020.

81.     As a direct and proximate result of the injuries, Chaz, and now his Estate suffered all applicable damages recoverable under Pennsylvania's Survival Act.

82.     No recovery for damages was made during Chaz's lifetime.

83.     OConnor's negligence, carelessness, recklessness, and willful, conscious, and wanton disregard for the rights, safety, and well-being of Chaz, which ultimately caused Chaz's death, supports an award of punitive damages to deter such outrageous, reckless, deadly conduct.

**WHEREFORE,** Plaintiff, individually and as Administratrix of the Estate of Chaz Bastone, respectfully requests this Honorable Court enter judgment in her favor and against Defendant OConnor, individually and jointly and severally with Defendants in an amount to exceed the jurisdictional arbitration limit, together with interest, costs, fees, punitive damages, and such other and further damages as are just and proper.

## COUNT VIII
## NEGLIGENCE (RESPONDEAT SUPERIOR) – DEFENDANT JP LOGISTICS

84.     Plaintiff hereby incorporates all matters stated elsewhere in this pleading as if fully set forth herein at length.

85.     Defendant Leksowski's negligence, carelessness, recklessness, and willful, conscious, and wanton disregard for the rights, safety, and well-being of Chaz, while operating the Tractor-Trailer, caused the fatal October 7, 2020 Crash which violently killed Chaz, and occurred during the course and within the scope of Leksowski's employment by JP Logistics, while being entrusted with the activity of commercial trucking, by and through operation of the Tractor-Trailer.

86.     Leksowski's negligence, carelessness, recklessness, and willful, conscious, and wanton disregard for the rights, safety, and well-being of Chaz, which occurred during the course and within the scope of Leksowski's employment by JP Logistics while being entrusted with the activity of commercial trucking by and through operation of the Tractor-Trailer, includes the following:

(a)     Operating the Tractor Trailer without warning of approach or attending directions;

(b)     Failing to operate the Tractor Trailer at a speed which would allow it to be stopped within the assured clear distance;

(c)     Failing to keep a proper lookout;

(d)     Failing to take notice of the Chevy Cavalier;

(e)     Failing to take evasive action in order to avoid striking and forcing the Chevy Cavalier off the road;

(f)     Failing to apply the brakes in sufficient time to avoid the Chevy Cavalier;

(g)     Failing to remain continually alert while operating the Tractor Trailer;

(h)     Failing to inspect the Tractor Trailer and maintain the Tractor Trailer in a safe and non-defective condition;

(i)     Failing to operate the Tractor Trailer in compliance with the applicable laws and regulations of the Commonwealth of Pennsylvania as well as Federal Regulations pertaining to the operation of commercial vehicles, which specifically includes the following:

(1)     Failing to safely drive within a single lane in violation of 75 Pa.C.S.A. §3309;

(2)    Driving the Tractor-Trailer in reckless and careless disregard for the safety of persons or property, in violation of 75 Pa.C.S.A. §3714(a);

(3)    Failing to possess the knowledge and be compliant pursuant to 49 CFR §390.3(e)(2);

(4)    Failing to possess the required knowledge pursuant to 49 CFR §383.111;

(5)    Failing to possess the following basic pre-trip vehicle inspection skills pursuant to 49 CFR §383.113;

(6)    Failing to operate the Tractor-Trailer in accordance with the laws, ordinances, and regulations of the Commonwealth of Pennsylvania pursuant to 49 CFR §392.2

87.    The negligence, carelessness, recklessness, and willful, conscious, and wanton disregard for the rights, safety, and well-being of Chaz by Leksowski, which occurred during the course and within the scope of Leksowski's employment by JP Logistics, while being entrusted with the activity of commercial trucking, by and through operation of the Tractor-Trailer, directly and proximately caused Chaz to suffer multiple traumatic injuries and die.

88.    As a direct and proximate result of the injuries and death, Chaz suffered great pain, anguish, sickness, and agony.

89.    As a direct and proximate result of the injuries and death, Chaz suffered emotional injuries, mental anguish, humiliation, loss of life's pleasures, loss of hedonic pleasures and the inability to attend to social and work obligations.

90.    As a direct and proximate result of the injuries and death, Chaz has undergone a great loss of earnings and earning capacity, and by the reason of the death, has sustained a great loss of all future earnings and earning capacity.

91.    As a direct and proximate result of Chaz's injuries and death, Chaz, his Estate, and the Wrongful Death Beneficiaries have incurred medical and other related expenses.

92.    As a direct and proximate result of the injuries and death, Chaz, his Estate, and Wrongful Death Beneficiaries suffered all applicable damages recoverable under Pennsylvania's Wrongful Death and Survival Acts.

93.    Leksowski's negligence, carelessness, recklessness, and willful, conscious, and wanton disregard for the rights, safety, and well-being of Chaz, which ultimately caused Chaz's death, and which occurred during the course and within the scope of Leksowski's employment by JP Logistics while being entrusted with the activity of commercial trucking, by and through operation of the Tractor-Trailer, supports an award of punitive damages to deter such outrageous, reckless, deadly conduct.

**WHEREFORE,** Plaintiff, individually and as Administratrix of the Estate of Chaz Bastone, respectfully requests this Honorable Court enter judgment in her favor and against Defendant JP Logistics, individually and jointly and severally with Defendants in an amount to exceed the jurisdictional arbitration limit, together with interest, costs, fees, punitive damages, and such other and further damages as are just and proper.

## COUNT IX
## NEGLIGENT ENTRUSTMENT – DEFENDANT JP LOGISTICS

94.    Plaintiff hereby incorporates all matters stated elsewhere in this pleading as if fully set forth herein at length.

95.     Defendant JP Logistics' negligence, carelessness, recklessness, and willful, conscious, and wanton disregard for the rights, safety, and well-being of Chaz, by entrusting the activity of commercial trucking to Leksowski, by and through operation of the Tractor-Trailer, caused the fatal October 7, 2020 Crash which violently killed Chaz.

96.     JP Logistics' negligence, carelessness, recklessness, and willful, conscious, and wanton disregard for the rights, safety, and well-being of Chaz, by entrusting the activity of commercial trucking to Leksowski, by and through operation of the Tractor-Trailer, includes the following:

(a)     Negligence pursuant Restatement of Torts (Second) § 308, which imposes liability on a defendant because of its own acts in relation to an instrumentality or activity under its control, which, in this case, was commercial trucking by and through the operation of the Tractor-Trailer on October 7, 2020;

(b)     Negligence pursuant Restatement of Torts (Second) § 308, by permitting Leksowski to engage in the activity of commercial trucking, by and through operating the Tractor-Trailer (which is under the control of JP Logistics), on October 7, 2020, where JP Logistics knew or should have known that Leksowski was likely to operate the Tractor-Trailer in such a manner as to create an unreasonable risk of harm to others;

(c)     Operating a joint-venture or common-enterprise with OConnor in violation of the Federal Motor Carrier Safety Regulations (FMCSR);

(d)     Sharing or flipping drivers, including Leksowski, and equipment, including the tractor, trailer, and Tractor-Trailer, with OConnor in violation of the FMCSR;

27

(e)     Failing to ensure that Leksowski was qualified to safely operate the Tractor-Trailer before hiring and entrusting him to do so;

(f)     Failing to adequately train Leksowski to safely operate the Tractor-Trailer before hiring and entrusting him to do so;

(g)     Entrusting Leksowski to engage in the activity of commercial trucking;

(h)     Entrusting Leksowski to operate the Tractor-Trailer;

(i)     Entrusting Leksowski to engage in the activity of commercial trucking, by and through operating the Tractor-Trailer, in violation of Federal Regulations pertaining to the entrustment of operation of commercial vehicles to a driver, which specifically includes the following:

(1)     Failing to meet the safety fitness standards pursuant to FMCSR §385.5;

(2)     Failing to meet the standard of employer knowledge and compliance with regulations pursuant to §390.3 (e)(1);

(3)     Failing to ensure that the general qualifications of a driver, in this case, Leksowski, were met pursuant to FMCSR §391.11;

(4)     Failing to ensure Leksowski had a fit background and character before employing and entrusting Leksowski with operating the Tractor-Trailer pursuant to FMCSR §391(C);

(j)     Entrusting Leksowski to engage in the activity of commercial trucking, by and through operating the Tractor-Trailer, thereby allowing Leksowski to operate the Tractor Trailer without warning of approach or attending directions;

28

(k)    Entrusting Leksowski to engage in the activity of commercial trucking, by and through operating the Tractor-Trailer, thereby allowing Leksowski to fail to operate the Tractor Trailer at a speed which would allow it to be stopped within the assured clear distance;

(l)    Entrusting Leksowski to engage in the activity of commercial trucking, by and through operating the Tractor-Trailer, thereby allowing Leksowski to fail to keep a proper lookout;

(m)    Entrusting Leksowski to engage in the activity of commercial trucking, by and through operating the Tractor-Trailer, thereby allowing Leksowski to fail to take notice of the Chevy Cavalier;

(n)    Entrusting Leksowski to engage in the activity of commercial trucking, by and through operating the Tractor-Trailer, thereby allowing Leksowski to fail to take evasive action in order to avoid striking and forcing the Chevy Cavalier off the road;

(o)    Entrusting Leksowski to engage in the activity of commercial trucking, by and through operating the Tractor-Trailer, thereby allowing Leksowski to fail to apply the brakes in sufficient time to avoid the Chevy Cavalier;

(p)    Entrusting Leksowski to engage in the activity of commercial trucking, by and through operating the Tractor-Trailer, thereby allowing Leksowski to fail to remain continually alert while operating the Tractor Trailer;

(q)    Entrusting Leksowski to engage in the activity of commercial trucking, by and through operating the Tractor-Trailer, thereby allowing Leksowski to fail to

inspect the Tractor Trailer and maintain the Tractor Trailer in a safe and non-defective condition;

(r)      Entrusting Leksowski to engage in the activity of commercial trucking, by and through operating the Tractor-Trailer, thereby allowing Leksowski to fail to operate the Tractor Trailer in compliance with the applicable laws and regulations of the Commonwealth of Pennsylvania as well as Federal Regulations pertaining to the operation of commercial vehicles, which specifically includes the following:

(1)      Failing to safely drive within a single lane in violation of 75 Pa.C.S.A. §3309;

(2)      Driving the Tractor-Trailer in reckless and careless disregard for the safety of persons or property, in violation of 75 Pa.C.S.A. §3714(a);

(3)      Failing to possess the knowledge and be compliant pursuant to 49 CFR §390.3(e)(2);

(4)      Failing to possess the required knowledge pursuant to 49 CFR §383.111;

(5)      Failing to possess the following basic pre-trip vehicle inspection skills pursuant to 49 CFR §383.113;

(6)      Failing to operate the Tractor-Trailer in accordance with the laws, ordinances, and regulations of the Commonwealth of Pennsylvania pursuant to 49 CFR §392.2.

97.      The negligence, carelessness, recklessness, and willful, conscious, and wanton disregard for the rights, safety, and well-being of Chaz by JP Logistics, directly and proximately caused Chaz to suffer multiple traumatic injuries and die.

98.     As a direct and proximate result of the injuries and death, Chaz suffered great pain, anguish, sickness, and agony.

99.     As a direct and proximate result of the injuries and death, Chaz suffered emotional injuries, mental anguish, humiliation, loss of life's pleasures, loss of hedonic pleasures and the inability to attend to social and work obligations.

100.     As a direct and proximate result of the injuries and death, Chaz has undergone a great loss of earnings and earning capacity, and by the reason of the death, has sustained a great loss of all future earnings and earning capacity.

101.     As a direct and proximate result of Chaz's injuries and death, Chaz, his Estate, and the Wrongful Death Beneficiaries have incurred medical and other related expenses.

102.     As a direct and proximate result of the injuries and death, Chaz, his Estate, and Wrongful Death Beneficiaries suffered all applicable damages recoverable under Pennsylvania's Wrongful Death and Survival Acts.

103.     JP Logistics' negligence, carelessness, recklessness, and willful, conscious, and wanton disregard for the rights, safety, and well-being of Chaz, which ultimately caused Chaz's death, supports an award of punitive damages to deter such outrageous, reckless, deadly conduct.

**WHEREFORE,** Plaintiff, individually and as Administratrix of the Estate of Chaz Bastone, respectfully requests this Honorable Court enter judgment in her favor and against Defendant JP Logistics, individually and jointly and severally with Defendants in an amount to exceed the jurisdictional arbitration limit, together with interest, costs, fees, punitive damages, and such other and further damages as are just and proper.

## COUNT X
## WRONGFUL DEATH – DEFENDANT JP LOGISTICS

104.    Plaintiff hereby incorporates all matters stated elsewhere in this pleading as if fully set forth herein at length.

105.    Defendant JP Logistics' negligence, carelessness, recklessness, and willful, conscious, and wanton disregard for the rights, safety, and well-being of Chaz, under respondeat superior and by entrusting the activity of commercial trucking to Leksowski, by and through operation of the Tractor-Trailer, caused the fatal October 7, 2020 Crash which violently killed Chaz.

106.    Plaintiff brings this action on behalf of all Wrongful Death Beneficiaries of Chaz pursuant to the Pennsylvania Wrongful Death Act and demands all damages recoverable under the Pennsylvania Wrongful Death Act.

107.    As a direct and proximate result of the negligence, carelessness, recklessness, and willful, conscious, and wanton disregard for the rights, safety, and well-being of Chaz by Defendant JP Logistics, the Wrongful Death Beneficiaries suffered all applicable damages recoverable under Pennsylvania's Wrongful Death Act.

108.    As a direct and proximate result of the negligence, carelessness, recklessness, and willful, conscious, and wanton disregard for the rights, safety, and well-being of Chaz by Defendant JP Logistics, Chaz's beneficiaries under the Wrongful Death Act, have:

        (a)    Been caused to incur various medical, funeral and estate administration expenses;

        (b)    Have suffered, are suffering, and will forever suffer injuries and losses, including loss of financial support, and loss of the contributions they would have

received from Chaz, including monies, clothing, shelter, food, medical care, education, entertainment, recreation, and gifts;

(c)     the loss of Chaz's services, society, comfort, companionship, guidance, tutelage, physical comforts, society, and companionship.

109.    JP Logistics' negligence, carelessness, recklessness, and willful, conscious, and wanton disregard for the rights, safety, and well-being of Chaz, which ultimately caused Chaz's death, supports an award of punitive damages to deter such outrageous, reckless, deadly conduct.

**WHEREFORE,** Plaintiff, individually and as Administratrix of the Estate of Chaz Bastone, respectfully requests this Honorable Court enter judgment in her favor and against Defendant JP Logistics, individually and jointly and severally with Defendants in an amount to exceed the jurisdictional arbitration limit, together with interest, costs, fees, punitive damages, and such other and further damages as are just and proper.

## COUNT XI
## SURVIVAL ACT – DEFENDANT JP LOGISTICS

110.    Plaintiff hereby incorporates all matters stated elsewhere in this pleading as if fully set forth herein at length.

111.    As a direct and proximate result of the negligence, carelessness, recklessness, and willful, conscious, and wanton disregard for the rights, safety, and well-being of Chaz by Defendant JP Logistics, Chaz was caused to suffer and endure conscious pain, suffering, terror, and, ultimately, death.

112.    As a direct and proximate result of the negligence, carelessness, recklessness, and willful, conscious, and wanton disregard for the rights, safety, and well-being of Chaz by Defendant JP Logistics, Chaz endured conscious pain, suffering and terror, from the moment of the Crash until his death on October 7, 2020.

113.    As a direct and proximate result of the injuries, Chaz, and now his Estate suffered all applicable damages recoverable under Pennsylvania's Survival Act.

114.    No recovery for damages was made during Chaz's lifetime.

115.    JP Logistics' negligence, carelessness, recklessness, and willful, conscious, and wanton disregard for the rights, safety, and well-being of Chaz, which ultimately caused Chaz's death, supports an award of punitive damages to deter such outrageous, reckless, deadly conduct.

**WHEREFORE,** Plaintiff, individually and as Administratrix of the Estate of Chaz Bastone, respectfully requests this Honorable Court enter judgment in her favor and against Defendant JP Logistics, individually and jointly and severally with Defendants in an amount to exceed the jurisdictional arbitration limit, together with interest, costs, fees, punitive damages, and such other and further damages as are just and proper.

Respectfully submitted,

/s/ Steven E. McConnell
STEVEN E. McCONNELL, ESQUIRE
State Bar ID No. 88618
*Attorney for Plaintiff*
The Killino Firm, P.C.
1835 Market Street, Suite 2820
Philadelphia, PA  19103
T: (215) 569-1299
F: (215) 569-2741
Email: smcconnell@killinofirm.com